ST. PAUL, J.
 

 Brooks L. Yassar undertook to construct a building on lands owned by himself, and plaintiff furnished him materials for that purpose amounting to $1,735.30. Within 30 days after the completion of the building plaintiff recorded its claim as a lien on the building; also a further claim for $730, being the amount which the plaintiff had advanced for payment of the workmen on the job; from whom plaintiff had obtained a subrogation of their claims.
 

 
 *648
 
 Meanwhile Vassar sold the property for cash to the Eureka Homestead Society, and the latter sold the same to Mattingly on credit, reserving a vendor’s lien for the purchase price.
 

 If the liens for material and labor were recorded within the time prescribed by law, the privileges resulting from the inscription primed and were superior in rank to the vendor’s lien resulting from a sale of the property within the period allowed for the recordation of such liens. Capital Bldg. & Loan Ass’n v. Carter, 164 La. 388, 113 So. 886.
 

 Defendants contend that the liens were not recorded within that period because Act No. 139 of 1922, § 11, requires that said liens be recorded in the mortgage office of the parish in which said work
 
 “is being constructed,"
 
 meaning thereby (it is contended) that said liens must be recorded during the progress of the work and not afterwards.
 

 We think the .construction contended for is forced and unsound. It would defeat the manifest purpose of the law, which, taken as a whole, shows that the purpose thereof was to allow materialmen and laborers 30 days after the completion of the building in which to record their liens. Capital Building & Loan Ass’n v. Carter, 164 La. 388, 113 So. 886; Central Lumber Co. v. Schroeder, 164 La. 759, 114 So. 644.
 

 As to the 8730 advanced for the payment of workmen, it is true that the petition says the money was
 
 advanced
 
 to said Vassar, but the fact is that the money was given to Vassar to be paid and was in fact paid at once to said laborers, who acknowledged in writing the receipt thereof
 
 from plaintiff
 
 and subrogated plaintiff to their lien and privilege on the building. This was a direct payment to the laborers and a subrogation by them to their claims. The fact that the payment was made through the agency of Vassar, instead of another, does not alter the legal situation. State et al. v. Smith, 167 La. 301, 119 So. 56.
 

 The judgment appealed from is therefore affirmed.
 

 O’NIELL, C. J., absent, takes no part.